**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

LANDIS CAMP                                         CIVIL ACTION

VERSUS                                              NO. 11-2978

STATE OF LOUISIANA                                  SECTION "I" (6)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b) (1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

On December 6, 2011, petitioner, Landis Camp, presently confined to his home, entered a guilty plea in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Case Number 2009-1417. Camp pled guilty to the following charges: 1) unlawfully parking,

placing or stopping a motor vehicle in a prohibited place in violation of La. R.S. 32:143; 2)

possessing an alcoholic beverage in a vehicle in violation of La. R.S. 32:300; and, 3)

operating a motor vehicle with a suspended or revoked drivers licence in violation of La. R.S.

32:415. Camp was sentenced to concurrent six month sentences. Execution of these

sentences was suspended and Camp was put on home incarceration. (St. rec., vol. 1).[1]

In its response (fed. rec., doc. 10, p. 2), the State asserts that Camp's petition should

be dismissed because he was not "in custody" at the time he filed the instant habeas petition.

In *Maleng v. Cook*, 490 U.S. 488, 490-491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540

(1989), the Court provided:

> The federal habeas statute gives the United States district courts
> jurisdiction to entertain petitions for habeas relief only from persons who are
> "*in custody* in violation of the Constitution or laws or treaties of the United
> States." 28 U.S.C. § 2241(c)(3) (emphasis original); *see also* 28 U.S.C. §
> 2254(a). We have interpreted the statutory language as requiring that the
> habeas petitioner be "in custody" under the conviction or sentence under attack
> at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238,
> 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968).

According to the State, Camp filed the instant petition on December 2, 2011, as this

is the date he signed his petition. Because Camp did not plead guilty and had not been

---

[1] In his petition (fed. rec., doc. 1), Camp represents that his "Place of Confinement" is "Elayn Hunt Correctional Center". However, upon contacting Elayn Hunt Correctional Center, the court was informed that on October 26, 2009, Camp was released on parole. Camp's parole supervision ended in October, 2010.

The fact that Camp is not confined in a Louisiana Correctional facility is further confirmed by the fact that Camp, in a later pleading (fed. rec., doc. 11), provides as his address, 236 Church Street, Avondale, Louisiana 70094.

sentenced until December 6, 2011, the State submits that Camp was not "in custody" when he filed his habeas petition and, for this reason, his petition should be dismissed.

When determining a *pro se* prisoner's habeas filing date, federal courts employ the "mailbox rule." Under this rule, a pleading is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). If there is no prison log showing when the pleading was delivered to officials for mailing, a court will often look to the file-stamped date on the envelope. *See generally Ortiz v. Phelps*, 2009 WL 3271362, *2 (D. Del. Oct. 9, 2009) (applying mailbox rule, court adopts envelope's postmark date as the date of filing). If there is no evidence of the mailing date, a court may *assume* that the date a prisoner signs his petition is the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (*assumed* that petitioner turned his habeas corpus application over to prison officials for delivery on the date he signed his application) (emphasis added).

As reflected above, there is no "hard and fast" rule that a court should look at the date a prisoner signed his petition as his filing date. In fact, such a method is essentially a last resort, when the date of delivery to prison officials cannot be ascertained. Further, Camp was not serving his sentence in prison, but rather, was confined to his home. There was no prison official to whom Camp could deliver his petition for mailing. As such, the applicability of the "mailbox rule" is unclear.

This court, however, need not reach the issue of whether the mailbox rule is applicable. The instant petition is subject to dismissal due to Camp's failure to exhaust his state court remedies.

It is well established that a petitioner must first exhaust his available state court remedies before proceeding to federal court seeking habeas corpus relief. 28 U.S.C. § 2254; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriquez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir. 1987). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

A westlaw search reveals that while the Louisiana Supreme Court has denied two writ applications, *State ex rel. Camp v. State*, No. 2010-KH-0463, 31 So. 3d 383 (La. Apr. 9, 2010), and *State v. Camp*, No. 2010-KK-1476, 45 So.3d 1085 (La. Sept. 29, 2010), with respect to Camp, these decisions pre-date the December 6, 2011 convictions and sentences which Camp is challenging. As such, Camp has failed to exhaust his state court remedies. Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Landis Camp for issuance of a

writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**

for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[2]

New Orleans, Louisiana, this __22nd__ day of _____March_____, 2012.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.